FILED
 2012 Apr-09  AM 10:47
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS**, an unincorporated labor organization, *et al.*, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )  Civil Action No. CV-11-S-1054-NE<br>) |
| **ROBERT BENTLEY**, in his official capacity as Governor of the State of Alabama and President of the State School Board; *et al.*, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the court on plaintiffs' "Motion to Proceed with Counts One and Two of Second Amended Complaint and for Reconsideration of the Court's Order Holding Plaintiffs' Motion to Consolidate in Abeyance."[1] Plaintiffs commenced this action to challenge the constitutionality of Alabama Act No. 2010-761 ("the Act").[2] This court granted plaintiffs' motion for a preliminary injunction on May 20, 2011, thereby staying enforcement of the Act.[3] Defendants appealed that ruling to the

---

[1] Doc. no. 79.

[2] *See* doc. no. 36 (Second Amended Complaint) ¶ 1.

[3] *See* doc. no. 68 (Order and Preliminary Injunction).

Eleventh Circuit Court of Appeals.[4]  Plaintiffs now request an order allowing them to proceed with discovery, and allowing the litigation of the pending motion to consolidate.[5]

## I. BACKGROUND

The facts underlying the claims asserted in this case are set out in detail in the order of preliminary injunction and the memorandum opinion issued in conjunction with the preliminary injunction in the companion case styled *Alabama Education Association, et al. v. Robert Bentley, et al.*, Civil Action No. 11-761-NE ("the *AEA* case").[6]  Therefore, in the interest of brevity, the court will address only those facts pertinent to the present plaintiffs and their motion.

The plaintiffs are the International Association of Fire Fighters, AFL-CIO ("IAFF"), a membership organization with more than 3,300 Alabama members; "FIREPAC," a political action committee associated with IAFF; two local chapters of IAFF; two firefighters, who are members of IAFF and of their respective local chapters of IAFF; four local chapters of the American Federation of Teachers, AFL-CIO ("AFT"); and two teachers, who are members of their respective local chapters

---

[4] *See* doc. no. 73 (Notice of Appeal).
[5] Doc. no. 79.
[6] *See generally* doc. no. 68 (Preliminary Injunction)*;* doc. no. 36 (Memorandum Opinion) in CV-11-S-761-NE.

of AFT.[7]  The defendants are Dr. Robert Bentley, Governor of the State of Alabama, and various other state and local officials and government entities, all of whom or which are charged with enforcing or implementing the Act.[8]

The gravamen of plaintiffs' allegations is that former Governor "Bob" Riley and the Republican-dominated Alabama State Legislature created and enacted the subject Act as a means of retaliating against, and neutering the political strength of, the plaintiff organizations, because such organizations frequently clash with Republican politicians and opposed Republican policies.[9]  The Act furthers those political objectives, say plaintiffs, by prohibiting the use of payroll deductions for the payment of membership dues to organizations involved in political activity, *e.g.*, IAFF.  Three counts in the plaintiffs' second amended complaint allege constitutional violations:  Count One contends that the Act violates plaintiffs' First Amendment rights to freedom of speech and freedom of association; Count Two asserts that the Act violates the Equal Protection Clause of the Fourteenth Amendment; and Count Three alleges that the Act violates the Due Process Clause of the Fourteenth

---

[7] Doc. no. 36 ¶¶ 3-14.

[8] *Id.* ¶¶ 15-26.  Although various defendants in this case have retained separate counsel, and have filed motions to dismiss on different grounds, their positions appear to be fully aligned with regard to the instant motion.  Thus, the court will refer to them collectively as "defendants," and treat the arguments made by each as applying to all.

[9] Doc. no. 36 ¶¶ 42-54.

Amendment.[10]  Plaintiffs rely on numerous constitutional theories to support their claims.  Among those theories are:  so-called "viewpoint discrimination;" disparate treatment; vagueness; and overbreadth.[11]

Upon motion from the plaintiffs in the *AEA* case, this court entered a preliminary injunction enjoining enforcement of the Act.[12]  When ruling in favor of those plaintiffs, this court found that they were likely to succeed on the merits on their theories that the Act is void for vagueness and overbreadth.[13]

The plaintiffs in the present case moved the court to enter another preliminary injunction, aimed at the defendants who are not specifically named in the *AEA* preliminary injunction.[14]  In issuing that preliminary injunction, this court relied on the conclusion reached in the *AEA* case:  *i.e.*, that plaintiffs were likely to succeed on the merits of their vagueness and overbreadth challenges.[15]

---

[10] *Id.* ¶¶ 87-112.

[11] *See id.* ¶ 89 (viewpoint discrimination); *id.* ¶ 100 (disparate treatment); *id.* ¶ 105 (vagueness and overbreadth).

[12] *See* doc. no. 37 (Preliminary Injunction) in CV-11-S-761-NE.

[13] *See* doc. no. 36 in CV-11-S-761-NE, at 49, 87.

[14] Doc. no. 27.  *See also* doc. no. 68, at 7 ("Each of these defendants has implemented or made steps toward implementing the Act premised upon their belief that, because they are not expressly subject to the terms of the court's injunction in the *AEA* case, they remain obligated to comply with Act No. 2010-761, and that failure to do so could subject them to the Act's criminal sanctions.").

[15] Doc. no. 68, at 18.

Defendants appealed the decision issuing the preliminary injunction.[16] The Eleventh Circuit consolidated that appeal with the appeal from the preliminary injunction in the *AEA* case, and entered an order on December 27, 2011, holding that plaintiffs' likelihood of success on the merits and, thus, the validity of this court's preliminary injunction, depended upon the scope of the "political" activity defined in the act. *Alabama Education Association, et al. v. State Superintendent of Education, State of Alabama, et al.*, No. 11-11267, at 4 (11th Cir. Dec. 23, 2011).[17] The Circuit Court order noted that a law "meant only to reach payroll deductions for organizations engaged in *electioneering* activities . . . presents no constitutional problems." *Id.* at 9 (emphasis supplied). The question of whether the Act has a broader scope, reaching more than "electioneering activities," is an issue of state law; consequently the Circuit Court certified the question of the scope of the Act to the Alabama Supreme Court. *Id.* at 9-11. The Eleventh Circuit further ordered that the scope of this court's preliminary injunction be narrowed, allowing the Act to be enforced to the extent that it applies to "electioneering activities." *Id.* at 12. The Alabama Supreme Court consented to answer the questions certified by the Eleventh Circuit on February 22,

---

[16] *See* doc. no. 73.

[17] A certified copy of the Eleventh Circuit order was assigned document number 77 in the district court file.

2012, and ordered the parties to file briefs addressing those questions.[18]  Based on that briefing schedule, the State Supreme Court is not likely to rule on the interpretation of the Act before May of 2012.[19]

## II.  DISCUSSION

The act of filing of a notice of appeal is "'an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'"  *Green Leaf Nursery v. E.I. DuPont De Nemours and Co.,* 341 F.3d 1292, 1309 (11th Cir. 2003) (quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982)).  "The general rule regarding divestiture of jurisdiction, however, does not apply to collateral matters not affecting the questions presented on appeal."  *Weaver v. Florida Power & Light Co.*, 172 F.3d 771, 773 (1999) (citations omitted).  *See also id.* (stating that a district court has jurisdiction over matters "separate and distinct" from the issues on appeal); 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper*, Federal Practice and Procedure* § 3921.2, at 53 (2d ed. 1996) ("Ordinarily an interlocutory injunction appeal under [28 U.S.C.] § 2961(a)(1) does not defeat the power of the trial court to proceed further with the case.").  A "general proposition" embraced by the Former

---

[18] *See* doc. no. 71-1 (Order of Alabama Supreme Court) in CV-11-S-761-NE.
[19] *Id.*

6

Fifth Circuit that remains binding authority in the Eleventh Circuit is that "an appeal from the denial or granting of a preliminary injunction should not ordinarily delay the final trial of the case on its merits." *United States v. Lynd*, 321 F.2d 26, 28 (5th Cir. 1963) (citations omitted).[20]  "'It was not intended that the cause as a whole should be transferred to the appellate court prior to the final decree.'" *Scott v. Roberts*, 612 F.3d 1279, 1298 (11th Cir. 2010) (quoting *Ex parte National Enameling & Stamping Co.*, 201 U.S. 156, 162 (1906)).  Thus, this court retains jurisdiction over collateral matters "separate and distinct" from those on appeal.  *Weaver*, 172 F.3d at 773.

**A.    Collateral Matters**

Plaintiffs request that the court grant them leave to begin discovery on Counts I and II of the second amended complaint while the appeal remains pending. Plaintiffs point to the fact that the appeal involves only two of the several theories underlying their case, which are only implicated in Count III. For that reason, they contend that litigation of the other theories is collateral to the issues on appeal, and that this court retains jurisdiction over those issues during the pendency of the appeal. They also argue that they should be allowed to conduct discovery on the other theories, so that they will be prepared to move for a preliminary injunction on those grounds, should

---

[20] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the existing preliminary injunction be vacated on appeal. Finally, plaintiffs argue that there should be no stay on the litigation of the pending motion to consolidate this action with the *AEA* case.

In response, defendants contend that the theories of the case not under appeal are, nevertheless, closely intertwined with the theories already implicated by the preliminary injunction. Thus, they argue, those theories are not collateral matters that this court may consider while the appeal remains pending. Indeed, defendants submit that all of plaintiffs' theories depend on the interpretation accorded the Act by the Alabama Supreme Court and, thus, the other theories are not merely collateral to the issues on appeal. They contend that, because the preliminary injunction has prevented the implementation or enforcement of the Act, there is no need for factual discovery, as the case turns entirely on a question of law.

Plaintiffs counter that, at least one of their theories, *i.e.*, viewpoint discrimination, does require discovery, because the motivations of the State Legislature and former Governor when crafting and enacting the subject Act is a question of fact.

Upon consideration of the issues and briefs, this court concludes that plaintiffs' viewpoint discrimination theory, on which they seek discovery, is a separate and distinct issue. Although all of the theories asserted by plaintiffs address the

constitutionality of the Act, the theories on which the preliminary injunction was based, *i.e.*, vagueness and overbreadth, are distinct from the theory on which plaintiffs seek discovery, *i.e.*, viewpoint discrimination.

This court's ruling that plaintiffs are likely to succeed on the merits of their vagueness and overbreadth challenges was based on the statutory language of the Act. In contrast, plaintiffs' viewpoint discrimination theory, which was not made a part of the preliminary injunction, depends upon factual circumstances beyond the statutory language. Plaintiffs argue that the Act is the result of viewpoint discrimination because it prohibits payroll deductions that benefit only certain types of groups, and it was enacted as a result of "antipathy to the political activities" of plaintiffs.[21] Thus, plaintiffs' viewpoint discrimination argument depends on proving the motivation of former Alabama Governor Riley and the Republican state legislators who crafted and navigated the enactment of the subject Act, rather than simply focusing upon the cold, printed text of the statute. *See Georgia Association of Educators v. Gwinnett County School District*, 856 F.2d 142, 145 (11th Cir. 1988) (reversing summary judgment where "the evidence concerning the defendants' motive [in terminating a payroll deduction scheme was] vigorously disputed"). Moreover, the theories involved in the pending appeal are Fourteenth Amendment due process issues, while the theory of

---

[21] Doc. no. 36 ¶ 89.

viewpoint discrimination is a First Amendment question.

### B.   Motion to Consolidate

Finally, plaintiffs request that the court grant their motion to consolidate this case with the *AEA* case. Plaintiffs submitted that motion contemporaneously with their initial complaint.[22] This court entered an order holding that motion in abeyance during the pendency of the interlocutory appeal in the *AEA* case.[23] Since the entry of that order, there has been an interlocutory appeal in this case as well. The Eleventh Circuit has consolidated the two appeals. While the consolidation of the appeals may suggest that the two cases are due to be consolidated before this court, it also demonstrates that the common issues in the cases include those on appeal. To the extent that there are differences militating against the consolidation of the cases, those differences most likely exist in the factual circumstances of the plaintiffs' viewpoint discrimination claims, *i.e.*, the very claims over which this court currently maintains jurisdiction. For that reason, the stay on the motion to consolidate will remain in effect, pending the appeal of the preliminary injunctions.

### III. CONCLUSION AND ORDER

Accordingly, plaintiffs' motion to proceed is GRANTED IN PART and

---

[22] Doc. no. 2.
[23] Doc. no. 7.

DENIED IN PART. The parties may proceed with discovery on Counts I and II of the complaint. The stay on the motion to consolidate remains in effect.

DONE this 9th day of April, 2012.

_____
United States District Judge